[Cite as *In re M.J.P.*, 2013-Ohio-2148.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

IN THE MATTER OF:

      CASE NO.  10-12-11

    M.J.P.,

AN ALLEGED NEGLECTED/
DEPENDENT CHILD.

      **O P I N I O N**

[CATHY HOUTS, APPELLANT].

---

**Appeal from Mercer County Common Pleas Court
Juvenile Division
Trial Court No. 32012021**

**Judgment Affirmed**

**Date of Decision:   May 28, 2013**

---

**APPEARANCES:**

    *Donna M. Post* **for Appellant**

    *John A. Poppe*  **for Keith and Christina Houts**

    *Andrew J. Hinders*  **for Appellee, Dept. of Job & Family Services**

    *Kathryn W. Speelman,* **Guardian Ad Litem**

**SHAW, J.**

{¶1} Mother-appellant, Cathy Houts ("Cathy"), appeals the October 31, 2012 judgment of the Mercer County Juvenile Court granting the request for permanent custody of her child filed by appellee, the Mercer County Department of Job and Family Services (the "Agency"), and terminating her parental rights.

{¶2} In November of 2009, Cathy gave birth to M.J.P. Shortly thereafter, M.J.P. was placed in the temporary custody of the Agency after he tested positive for several drugs in his system at the time of his birth.

{¶3} The Agency placed M.J.P. in foster care when it was unable to find a relative willing to take custody of M.J.P. Cathy and M.J.P.'s biological father, Matt Pearson ("Matt"), proceeded to work with the Agency to regain custody of M.J.P.

{¶4} In 2010, Cathy was sentenced to serve six-and-a-half years in prison on drug-related convictions. M.J.P. remained with the same foster parents, the Eichers, until August of 2011, at which time Matt had completed the requisite case plan objectives and was reunited with M.J.P. After reunification, M.J.P. lived with Matt and his mother—M.J.P.'s paternal grandmother. Even though Matt had regained custody of M.J.P., he made arrangements for M.J.P. to have regular weekend visitations with the Eichers.

{¶5} On April 24, 2012, Matt was killed in a car accident. Matt's mother asked the Eichers to care for M.J.P. after her son's death.

{¶6} On April 25, 2012, the Agency filed a complaint alleging M.J.P. to be a dependent child and requesting the trial court grant permanent custody of M.J.P. to the Agency. On the same day, the trial court appointed a Guardian Ad-Litem ("GAL") to the case. M.J.P. remained in the Eicher's care during the pendency of the case.

{¶7} On June 21, 2012, after an adjudicatory hearing, the trial court found M.J.P. to be a dependent child.

{¶8} On July 2, 2012, the GAL filed her report recommending that the Agency be granted permanent custody of M.J.P. and that Cathy's parental rights be terminated.

{¶9} On July 9, 2012, the trial court held a hearing regarding the Agency's permanent custody of M.J.P., where several witnesses testified.

{¶10} On October 31, 2012, the trial court issued a judgment entry finding by clear and convincing evidence that M.J.P. cannot be placed with either parent within a reasonable time and finding that it is in M.J.P.'s best interest to grant the Agency permanent custody and terminate Cathy's parental rights.

{¶11} Cathy now appeals, asserting the following assignment of error.

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT TERMINATED APPELLANT'S**

**PARENTAL RIGHTS AND AWARDED PERMANENT CUSTODY OF HER SON TO THE MERCER COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES.**

{¶12} In her sole assignment of error, Cathy maintains that the trial court erred in finding M.J.P. cannot be placed with either parent within a reasonable time.

{¶13} As an initial matter, we note that "[i]t is well recognized that the right to raise a child is an 'essential' and 'basic' civil right." *In re Franklin*, 3d Dist. Nos. 9–06–12, 9–06–13, 2006–Ohio–4841, ¶ 9, citing *In re Hayes*, 79 Ohio St.3d 46, 48 (1997). The Supreme Court of Ohio has held that a parent "must be afforded every procedural and substantive protection the law allows." *In re Hayes*, *supra*, quoting *In re Smith*, 77 Ohio App.3d 1, 16 (1991). Thus, it is with these constructs in mind that we proceed to determine whether the trial court erred in granting permanent custody of the child to the Agency.

{¶14} Section 2151.414(B)(1) of the Revised Code provides, inter alia, that a trial court

> **may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:**
>
> **(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more**

**months of a consecutive twenty-two-month period, \* \* \* *and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents*.**

**(b)   The child is abandoned.**

**(c)   The child is orphaned, and there are no relatives of the child who are able to take permanent custody.**

**(d)   The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and \* \* \* the child was previously in the temporary custody of an equivalent agency in another state.**

R.C. 2151.414(B)(1)(a-d) (emphasis added).

{¶15} The Supreme Court of Ohio has held that "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). Further, "[i]t is intermediate; being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *Id*., citing *Merrick v. Ditzler*, 91 Ohio St. 256 (1915). Moreover, when "the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite

degree of proof." *Cross*, *supra* (citations omitted); *see*, *also*, *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985).

**{¶16}** Here, the trial court determined that it is in M.J.P.'s best interest to grant the Agency's request for permanent custody. The trial court also found that M.J.P. cannot be placed with either parent within a reasonable time. *See* R.C. 2151.414(B)(1)(a). On appeal, Cathy does not assign error to the trial court's best interest finding. Rather, she only contends the trial court erred when it found that M.J.P. cannot be placed with either parent within a reasonable time.

**{¶17}** Section 2151.414(E) of the Revised Code directs the trial court to consider several enumerated factors in determining whether a child cannot be placed with either parent within a reasonable time. In the instant case, trial court relied on R.C. 2151.414(E)(12), which states:

> **The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.**

**{¶18}** Testimony at the dispositional hearing held on July 9, 2012, established that Cathy is M.J.P.'s only living parent and that she is currently serving a six-and-a-half-year prison term with a stated release date of November 16, 2016. Cathy argues that the trial court misapplied R.C. 2151.414(E)(12) when it found that she "will not be available to care for [M.J.P.] for at least eighteen

months after the filing of the motion for permanent custody or the dispositional hearing." (JE, Oct. 31, 2012 at 3).

{¶19} In support of her argument on appeal, Cathy points to her testimony at the dispositional hearing, in which she states her intention to file for judicial release in May 2013 when her sentence is half completed. Based on her testimony at the dispositional hearing, Cathy makes an attenuated argument that, *should* she be granted judicial release in May 2013 as *she anticipates*, it would only be thirteen months from the filing of the Agency's request for permanent custody, therefore, rendering the eighteen-month statutory timeframe relied upon by the trial court inapplicable.

{¶20} Cathy's assertion that she will be granted judicial release in May 2013 is purely speculative. There is nothing in the record, other than Cathy's optimism, to suggest that her request for judicial release will be granted by the sentencing court. To the contrary, the record demonstrates that Cathy had multiple arrests and convictions, some drug-related, prior to her committing the charges for which she is currently serving her prison sentence—a factor that could weigh *against* her being granted judicial release.

{¶21} Moreover, Cathy also testified at the dispositional hearing that if she were granted judicial release in May 2013, she did not intend to immediately return home. Cathy explained that she hoped to attend the W.O.R.T.H center or

some other drug-rehabilitation facility prior to returning home. While Cathy's intentions to better herself are encouraging, the possibility of her being in a position to be available to parent M.J.P. within eighteen-months of the Agency's request for permanent custody or the dispositional hearing remains tentative at best.

{¶22} Notwithstanding these points, it is the duty of the trial court to consider the best interest of M.J.P in making a disposition and it is certainly not in M.J.P.'s best interest to linger in custodial limbo for an unspecified amount of time based on Cathy's speculation that she will be granted judicial release in May 2013.

{¶23} Accordingly, for all these reasons, we conclude that the trial court's finding that M.J.P cannot be placed with either parent within a reasonable time was supported by clear and convincing evidence and find no error in the trial court's decision to grant the Agency permanent custody of M.J.P. on this basis.

{¶24} Based on the foregoing, the assignment of error is overruled and the judgment of the Mercer County Juvenile Court is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**